IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA
For the use and benefit of
PANHANDLE STEEL ERECTORS, INC.,
a Texas Corporation,

    Plaintiff,

v.                                              Civ. No. 13-933 JCH/GBW

SPEEGLE CONSTRUCTION, INC., *et al.*,

    Defendants,

LAMPSON INTERNATIONAL, LLC, a
Washington state limited liability company,

    Counterclaimant,

v.

PANHANDLE STEEL ERECTORS, INC.,
a Texas corporation,

    Counter-defendant,

UNITED STATES OF AMERICA, for
The use and benefit of LAMPSON
INTERNATIONAL, LLC, *et al.*,

    Cross-claimants,

v.

ADOLFSON PETERSON CONSTRUCTION,
LLC, *et al.*,

    Cross-defendants.

**ORDER REGARDING MOTION TO WITHDRAW**

THIS MATTER is before the Court on the Law Office of George "Dave" Giddens, P.C.'s Motion to Withdraw as counsel for Defendant Builder's Steel, Inc. ("Builder's Steel"). *Doc. 104*. To protect litigants and the judicial process, the Local Rules of this District impose numerous requirements on those attorneys wishing to withdraw an appearance. If the withdrawal is unopposed by the client and other counsel, then the motion must comply with Local Rule 83.8(a). D.N.M.LR-Civ. 83.8(a). Rule 83.8(a) requires that the motion "indicate consent of the client." *Id.* Moreover, the motion must include the "notice of appointment of substitute attorney; or a statement of the client's intention to appear *pro se* and the client's address and telephone number." *Id*.

If the withdrawal is opposed by the client or other counsel, then the motion must comply with Local Rule 83.8(b). D.N.M.LR-Civ. 83.8(b). Rule 83.8 requires that such motions must, as a threshold matter, be "file[d] and serve[d] on all parties, including the client." *Id*. In addition, the moving attorney must "give notice in the motion that objections must be served and filed within fourteen (14) days from date of service of the motion and that failure to object within this time constitutes consent to grant the motion." *Id*.

In addition to the requirements of Local Rule 83.8(a) or 83.8(b), whichever is applicable, a "motion to withdraw from representation of a corporation … must include a notice that the corporation … can appear only with an attorney." D.N.M.LR-Civ.

83.8(c).  *See* Memorandum Opinion and Order, *McGuire-Pike v. Ameri-ck, Inc.*, 04-cv-705-JB-ACT, *Doc. 51* at 4-5 (D.N.M. September 22, 2005) (requiring motion seeking withdrawal by corporate counsel to satisfy both 83.8(b) and 83.8(c)).

The motion does recite the notice required by Local Rule 83.8(c).  However, because the motion does not "indicate consent of the client," it should, but fails to, give notice of the opportunity to file objections.[1]  Rather than deny the motion on this basis, the Court will provide Builder's Steel fourteen (14) days from the date of this order to object to the motion.  If no objections are filed within fourteen days, the Court will grant counsel's motion to withdraw.  If the motion is granted, "[a]bsent entry of appearance by a new attorney, any filings made by the corporation … may be stricken and default judgment or other sanctions imposed."  D.N.M.LR-Civ. 83.8(c).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] The Motion itself states that Panhandle Steel Erectors, Inc. opposes the Motion, but it has since withdrawn its opposition.  *See doc. 106.*

3